AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 22 2014

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT
for the

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 14mj3177 |
| The person known as DYLAN RITTER with a date of birth of XX-X-1980 and a Social Security Number of XXX-XX-5368 | ) ) ) ) ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  September 19, 2014  in the county of  Bernalillo  in the
 District of  New Mexico , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. Section 922(g)(1) | possession of a firearm by a convicted felon |

This criminal complaint is based on these facts:
Please seen attached affividavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Kevin Wolfe
Printed name and title

Sworn to before me and signed in my presence.

Date: 9/22/14

_____
Judge's signature

Steven C. Yarbrough
Printed name and title
U.S. Magistrate Judge

City and state:  Albuquerque, NM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF<br>**The person known as DYLAN RITTER**<br>**with a date of birth of XX-X-1980 and a**<br>**Social Security Number of XXX-XX-5368** | Case No. _____ |

### AFFIDAVIT IN SUPPORT A CRIMINAL
### COMPLAINT FOR THE ARREST OF DYLAN RITTER

I, Kevin Wolfe, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint authorizing the arrest of Dylan Ritter.

2. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since March 3, 2007. In this capacity, I routinely investigate violations of federal criminal statutes, to include violations of federal firearms, narcotics and explosive laws, and have specifically investigated violations related to the possession of firearms by previously convicted individuals.

3. As a result of the my training and experience, I am familiar with and have investigated Federal Firearms Laws including 18 U.S.C. § 922(g)(1) which makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. I have interviewed witnesses and

1

conferred with law enforcement agents involved, and I believe the following to be true and accurate.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

5. On September 19, 2014 I received information from Deputy US Marshal Sean Cozart that the US Marshals Service and the Federal Bureau of Investigation (FBI) arrested Dylan Ritter at the Days Inn located at 6031 Iliff Rd NW, Albuquerque NM 87121, room 121. Deputy Cozart stated that members of the US Marshals Service spoke with Dylan Ritter's girlfriend, Jolene Hardy, who was seen exiting the Room 121 prior to the arrest of Ritter. Ms. Hardy stated to the US Marshals that there were firearms in her hotel room.

6. On this same date, I arrived at room 121 at the Days Inn located at 6031 Iliff Rd NW, Albuquerque NM 87121 and spoke with FBI Special Agent Paul Wright. SA Wright stated that when he arrived on scene, Ritter had already been arrested by the US Marshals Service and transported to jail. SA Wright stated that he spoke with Ms. Hardy, who admitted to renting hotel room 121 in her name and staying there with Ritter. SA Wright stated that Ms. Hardy provided both oral and written consent to search hotel room 121 and her vehicles. SA Wright stated that following the search of the hotel room and vehicles, four firearms and multiple rounds of ammunition were recovered.

7. On this same date, I interviewed Ms. Hardy outside Room 121 at the Days Inn located at 6031 Iliff Rd NW, Albuquerque NM 87121. Ms. Hardy told me that she was Ritter's girlfriend and that they had been in Albuquerque for only a few days, but had been on the road

for a few weeks because Ritter was running from a court sentencing in Texas. She stated that the two handguns found in Room 121 and the rifle found in the travel trailer belonging to Ritter. She stated that she had purchased the rifle found in the Room 121.

8. On this same date, I seized the following firearms and ammunition from the Room 121, Days Inn located at 6031 Iliff Rd NW, Albuquerque NM 87121: (1) a Hi Point, model C9, 9mm pistol bearing serial number P1426648, loaded with approximately eight (8) rounds of 9mm ammunition; (2) one Springfield Armory, model XD-9, 9mm pistol bearing serial number XD183085 and having approximately forty-two (42) rounds of 9mm ammunition loaded into three magazines; and (3) one Ruger, model Ranch Rifle, .223 caliber rifle bearing serial number 195-598863 and having approximately one hundred seventy-three (173) round of .223 caliber ammunition loaded into six magazines.

9. On this same date, I seized the following firearm and ammunition from a Wanderer travel trailer belonging to Ritter and Ms. Hardy that was located in the rear parking lot of the Days Inn at 6031 Iliff Rd NW, Albuquerque NM 87121: a Winchester, model 70SA, 22-250 caliber rifle with an obliterated serial number and approximately four rounds of 22-250 caliber ammunition. Also seized from the trailer were approximately forty (40) rounds of 22-250 caliber ammunition, approximately twenty (20) rounds of .223 caliber ammunition, and approximately two hundred (200) rounds of 9mm caliber ammunition.

10. On September 20, 2014 I verified Ritter's criminal history through a computerized criminal history query. The results of this query indicated that Ritter was previously convicted of felon in possession of a firearm in federal court.

11. Through training and experience, I know that the aforementioned firearms and ammunition were not manufactured in the State of New Mexico, therefore affecting interstate commerce.

12. Through training and experience, I know that the aforementioned firearms meet the federal statutory definition of "firearm," pursuant to Title 18, Chapter 44 of the United States Code.

13. Based on the foregoing, there is probable cause to believe that Dylan Ritter did violate Title 18, United States Code, Section 922(g)(1), possession of a firearm by any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year

Respectfully submitted,

*Kevin Wolfe*
Kevin Wolfe
Special Agent
ATF

Subscribed and sworn to before me
on September 22, 2014:

UNITED STATES MAGISTRATE JUDGE